IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**DEAN C. BOYD**                                                                                       **PLAINTIFF**

v.                                                                                               No. 4:21CV35-GHD-JMV

**BARRY SPENCER, ET AL.**                                                                **DEFENDANTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Dean C. Boyd, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The plaintiff alleges that defendant Physical Therapist Barry Spencer used too much force when providing therapy on his right arm – and that Dr. J. Glisson should not have continued to prescribe physical therapy with Spencer after the plaintiff complained about him. For the reasons set forth below, the instant case will be dismissed with prejudice for failure to state a claim upon which relief could be granted.

**Factual Allegations**

The plaintiff's allegations regarding physical therapy on his arm took place at the Mississippi State Penitentiary starting September 20, 2020, and continued until the treatment ended. Dr. J. Glisson prescribed physical therapy to the plaintiff, Dean C. Boyd, for his injured arm. Physical Therapist Barry Spencer administered the treatment, but, in Mr. Boyd's estimation, used too much force during therapy, causing him excessive pain. Spencer accused the plaintiff of "crying like a little girl" and told

Boyd that he would discontinue treatment if Boyd kept complaining. Mr. Boyd agreed to further treatment.

During a later treatment, Spencer was in a foul mood, and the plaintiff smelled alcohol on his breath. Spencer began treating the arm, and the plaintiff again told him that the therapy caused him pain. Spencer shouted, "If you don't want to do the exercises, I'll just leave. I'm not going to beg you to do them." Mr. Boyd responded, "No, sir, I'm not saying don't want to do my therapy, I just ask if you would not snatch my arm like you have been doing cause I'm hurting from it really bad." Spencer replied, "OK now, let's do them or I'm leaving." Boyd responded, "OK," and Spencer began "snatching" his arm saying, "Stretch it out, stretch it out, or I'm doing it for you dammit, little girl." Spencer began "snatching" Boyd's arm until he yelled, "Oww man, you hurting." Spencer replied, "Boyd, I [won't] be back to see you. Crying like a little girl." Boyd responded, "Let my arm go man, you are hurting my arm. Let me go, please!" Spencer released his arm and said he was not coming back there to treat him again.

When Boyd visited Dr. Glisson again, he begged the doctor not to order more physical therapy with Spencer because he had been too rough, causing Boyd pain. Dr. Glisson, however, ordered further physical therapy, and Boyd continued seeing the therapist until he asked Dr. Glisson for pain medication for his shoulder. Dr. Glisson ordered two pain shots for the shoulder and discontinued the treatment.

**Negligence**

To the extent that Mr. Boyd alleges that Physical Therapist Spencer was negligent by administering treatment while intoxicated, this claim must be dismissed. Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106

S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). As such, this allegation will be dismissed for failure to state a claim upon which relief could be granted.

### Denial of Adequate Medical Treatment[1]

In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may a court infer knowledge of substantial risk of serious harm by its obviousness. *Id.* Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). A prisoner's mere disagreement with

---

[1] Mr. Boyd frames his allegations as claims of excessive force. Those claims, however, arise out of situations where force is used to compel a noncompliant inmate to take some action. That is not what occurred in this case. Instead, the force Mr. Boyd challenges was used as part of his medical treatment, to which he consented (though he requested gentler treatment of his arm). As such, the court will construe the claims in terms of denial of adequate medical treatment.

medical treatment provided by prison officials does not state a claim against a prison official for violation of the Eighth Amendment by deliberate indifference to his serious medical needs. *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir.2001), *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

"Deliberate indifference is not established when medical records indicate that [the plaintiff] was afforded extensive medical care by prison officials." *Brauner v. Coody*, 793 F.3d 493, 500 (5th Cir. 2015). Nor is it established by a physician not accommodating a prisoner's requests in a manner he desired or the prisoner's disagreement with the treatment. *Id.*; *Miller v. Wayback House*, 253 F. App'x 399, 401 (5th Cir. 2007). To meet his burden in establishing deliberate indifference on the part of medical staff, the plaintiff "must show that [medical staff] refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Brauner*, 793 F.3d at 498.

In this case, the plaintiff merely disagrees with the course of his treatment during physical therapy. He describes the application of force during therapy as "snatching" his arm, and he alleges that the therapy was too painful. However, despite the pain, Mr. Boyd returned for treatment time and again. In addition, during treatment, the therapist stopped each time Mr. Boyd asked him to. When Spencer threatened to end therapy and leave because Mr. Boyd objected to the treatment, Boyd told Spencer to continue treating him. Thus, Mr. Boyd could have ended the treatment whenever he chose, yet he chose to continue until the doctor stopped prescribing it. This is simply a case where Mr. Boyd disagreed with the course of treatment (the amount of force applied to his arm during therapy), and such disagreement does not rise to the level of a constitutional violation. *Miller*, 253 F. App'x at 401 (5th Cir. 2007). These allegations must be dismissed for that reason.

## Conclusion

For the reasons set forth above, the instant case will be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the __31st__ day of August, 2021.

_____
SENIOR UNITED STATES DISTRICT JUDGE