**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**DEAN C. BOYD** **PLAINTIFF**

**v.** **No. 4:21CV35-GHD-JMV**

**BARRY SPENCER, ET AL.** **DEFENDANTS**

**ORDER *DISMISSING* PLAINTIFF'S MOTIONS [63], [68]
FOR RELIEF, *REQUIRING* ADDITIONAL DOCUMENTATION
TO SUPPORT PLAINTIFF'S PRAYER FOR DAMAGES**

This matter comes before the court on the plaintiff's motions [63], [68] for the court to order relief in this *pro se* prisoner case filed under 42 U.S.C. § 1983. The court issued a default judgment [51] under Fed. R. Civ. P. 55(b)(2) in favor of the plaintiff against defendant Dr. James Glisson, who was served with process, but did not answer or respond. Under Rule 55(b)(2), the court may determine the amount of damages and establish the truth of any allegation by evidence. *See* Rule 55(b)(2)(B) (amount of damages); 55(b)(2)(C) (truth of an allegation). The court then issued an order setting a deadline for the plaintiff to brief the issue of damages. The plaintiff has submitted three such briefs – one filed within the deadline, two outside it. The court has considered all of them; however, under Rule 55(b)(2)(C), the plaintiff has not provided sufficient information and documentation to decide the issue of damages.

**The Plaintiff's Allegations**

The plaintiff's allegations regarding physical therapy on his arm took place at the Mississippi State Penitentiary starting September 20, 2020, and continued until the treatment ended. It is unclear how long the treatment continued, how many physical therapy sessions took place – and when they took place. Dr. James Glisson prescribed physical therapy to the plaintiff, Dean C. Boyd, for his injured arm. Physical Therapist Barry Spencer administered the treatment,

but, in Mr. Boyd's estimation, used too much force during therapy, causing him excessive pain. Spencer accused the plaintiff of "crying like a little girl" and told Boyd that he would discontinue treatment if Boyd kept complaining. Mr. Boyd agreed to further treatment.

During a later treatment, Spencer was in a foul mood, and the plaintiff smelled alcohol on his breath. Spencer began treating the arm, and the plaintiff again told him that the therapy caused him pain. Spencer shouted, "If you don't want to do the exercises, I'll just leave. I'm not going to beg you to do them." Mr. Boyd responded, "No, sir, I'm not saying don't want to do my therapy, I just ask if you would not snatch my arm like you have been doing cause I'm hurting from it really bad." Spencer replied, "OK now, let's do them or I'm leaving." Boyd responded, "OK," and Spencer began "snatching" his arm saying, "Stretch it out, stretch it out, or I'm doing it for you dammit, little girl." Spencer began "snatching" Boyd's arm until he yelled, "Oww man, you hurting." Spencer replied, "Boyd, I [won't] be back to see you. Crying like a little girl." Boyd responded, "Let my arm go man, you are hurting my arm. Let me go, please!" Spencer released his arm and said he was not coming back there to treat him again.

When Boyd visited Dr. Glisson again, he begged the doctor not to order more physical therapy with Spencer because he had been too rough, causing Boyd pain. Dr. Glisson, however, ordered further physical therapy, and Boyd continued seeing the therapist until he asked Dr. Glisson for pain medication for his shoulder. Dr. Glisson ordered two pain shots for the shoulder and discontinued the treatment.

**Boyd's History of Filing Frivolous Suits**

Mr. Boyd has obtained a default judgment against defendant Dr. James Glisson. However, credible documentation is critical in this case because the plaintiff has a lengthy history of filing frivolous lawsuits – alleging serious injuries inflicted during medical care – with

absolutely no documentation of such injuries.[1] For example, in another case, the court noted in an order imposing sanctions for filing frivolous lawsuits:

> In addition, the court has not noted a single instance where Boyd has offered documentary evidence (other than his own statements) to support his litany of shocking allegations. Invariably, his medical records reflect that he received some form of treatment, but nothing in those records shows that he was attacked, beaten, tortured, or otherwise mistreated.

*Boyd v. Allegiance Specialty Hospital of Greenville, et al.*, 4:22CV101-GHD-DAS (N.D. Miss.) Indeed, the sanction imposed in that case was the requirement that, before he may file suit, "for each allegation, he must provide some modicum of documentary evidence tending to show that the events alleged actually occurred." *Id.* Boyd's frivolous cases also feature allegations of terrible abuse, bordering on torture, but with no discernible motive, as discussed in that same case:

> Boyd does not offer any *motive* for the defendants in these cases, many of whom were strangers to him, to hold such animosity and vitriol towards him – enough to physically attack and torture him. In short, according to Mr. Boyd, many of his medical care providers (including administrators), state and private prison guards and other state and private staff, intentionally harmed him for no reason whatsoever – no matter where he received care – and no matter whether they worked for the state or a private company.

*Id.* (emphasis in original). In sum, in his previously dismissed frivolous cases, Boyd levied shocking allegations of abuse and torture against medical providers and others – allegations for which he could not provide a shred of documentation to support. The sanction merely required Boyd to present at

---

[1] A partial list of Dean Boyd's frivolous lawsuits regarding infliction of pain during medical care includes: *Boyd v. Sutton*, 4:22CV138-NBB-JMV; *Boyd v. Allegiance Specialty Hospital, et al.*, 4:22CV101-GHD-DAS; *Boyd v. Hughes*, 4:23CV35-GHD-RP; *Boyd v. S&S Management Group*, LLC, 4:22CV65-NBB-DAS; *Boyd v. Hughes*, 4:23CV36-NBB-DAS; *Boyd v. Sutton*, 4:21CV159-GHD-DAS; and *Boyd v. Allegiance Specialty Hospital, et al.*, 4:23CV56-SA-DAS.

least *some* proof to support each allegation to prevent him from simply making up allegations out of whole cloth.

**Injury in the Present Case**

The similarity between the allegations in Boyd's other, frivolous, cases and the present one is striking. In the present case, the plaintiff alleges that Physical Therapist Barry Spencer used excessive force while conducting physical therapy on his shoulder – and that Spencer had alcohol on his breath while administering treatment. The plaintiff alleges that Spencer used extreme force during treatment, far in excess of that required for therapy – enough force to further injure his damaged shoulder. As in his previously dismissed frivolous cases, he does not allege a motive for Spencer to have harmed him.

The plaintiff also alleges that, though defendant Dr. James Glisson did not administer the physical therapy, he acted as Spencer's supervisor – and allowed the abuse. The plaintiff also alleges that Dr. Glisson threatened him with a Rule Violation Report if he refused further physical therapy treatment from Spencer.[2] He states that the treatment injured his shoulder, causing a "ripped, torn tendon, ligaments," "flatten[ed] cartilage," "enlarged rotator," "nerve damage," "inflammation," and "infection around shoulder bones, etc." He alleges that he is currently waiting to undergo "major right shoulder surgery" to treat injuries received from Spencer's alleged use of excessive force during physical therapy. As in his other cases, the plaintiff has not alleged a motive for either defendant to have intentionally injured him and caused him pain. Given the sanctions the plaintiff has received for filing similar frivolous cases without documentation of injury, under Fed. R. Civ. P. 55(b)(2)(C), the court requires such documentation in the present case.

[2] The court notes that Boyd did not allege retaliation in his complaint; he first presented this allegation after default judgment was entered against Dr. Glisson – in the briefs regarding damages.

The sole remaining defendant in this case is Dr. James Glisson, whom the court cannot hold vicariously liable for the actions of Spencer, his subordinate. *Carnaby v. City of Houston*, 636 F.3d 183, 189 (5th Cir. 2011) (government official can be held liable only for his own misconduct). As such, the court may only consider the damages caused by Glisson's alleged retaliation against the plaintiff – the threat of issuing a Rule Violation Report if Boyd refused additional physical therapy from defendant Spencer.

Further, as discussed above, to make a rational determination of damages, the court requires documentation of the plaintiff's injuries – including the cause of those injuries – in the form of medical records and other records. The sole document the plaintiff has provided (a response by the Mississippi Department of Corrections to a grievance) notes only that the plaintiff has undergone MRI testing and that prison officials are seeking a provider to administer further treatment. This document is insufficient to substantiate the plaintiff's claims of injury.

To enable the court to calculate damages in this case, the plaintiff must provide documents showing:

(1) The date Dr. Glisson threatened the plaintiff with a Rule Violation Report if he were to refuse further treatment from Spencer;

(2) The reason the plaintiff began physical therapy with defendant Spencer for his injured shoulder (including the cause of the initial shoulder injury and the date of that injury);

(3) The type and severity of the injuries to the plaintiff's shoulder *before* Spencer's treatment, as well as documents showing the type and severity of the plaintiff's shoulder injuries *after* Spencer's treatment;

(4) The dates when Spencer administered physical therapy treatment for the plaintiff's shoulder; and

(5) Any other documents the plaintiff believes will assist the court in making a just determination of damages.

***The deadline for the plaintiff to provide the required documentation is 30 days from the date of this order.*** The court is aware that procuring medical records from the Mississippi Department of Corrections can take time; as such, the court will entertain the plaintiff's request for an extension to do so. In light of this ruling, the plaintiff's motions [63], [68] for the court to order relief requested in the original complaint are **DISMISSED**. The court will issue its ruling on damages once the plaintiff has provided sufficient proof for a reasonable determination.

**SO ORDERED**, this, the 10th day of December, 2024.

Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE